IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**DONALD W. KING,**

    **Plaintiff,**

**v.**                                                                         **Civil Action No. 2:16-cv-09876**

**PEM PROPERTIES, et al.,**

    **Defendants.**

## PROPOSED FINDINGS & RECOMMENDATION

Plaintiff Donald W. King ("Plaintiff") brings this action pursuant to the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, *et seq.*; 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. (ECF No. 4 at 1–2.) He alleges that he is a disabled veteran who lived in an apartment owned or operated by Defendants PEM Properties, Kent Wicker, Philip Michael, Toni Shell, Mary Michael, Dennis Mustell, and various "John Doe" individuals and entities (collectively, "Defendants"). (*Id.* at 2; ECF No. 4-1.) Plaintiff avers that he and two other disabled individuals complained about blocked vents, but those complaints "go undone." (ECF No. 4 at 3.) He further alleges that Defendants filed a frivolous lawsuit against him to evict him in October 2016 even though he had a contract with Defendants ending in April 2017 and his rent was paid through the end of 2016. (*Id.* at 2–3; ECF Nos. 4-2, 4-5.)

## STANDARD OF REVIEW

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway*

*Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)).  This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

## ANALYSIS

Plaintiff's amended complaint does not state a cause of action for any of the statutes under which he purports to bring his claims.  With respect to each, he either fails to allege a key element of the cause of action that cannot be inferred from the other allegations in the amended complaint, or the facts alleged simply do not give rise to a claim under the statute.

A. 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986 and Federal Constitutional Claims

   1. §§ 1981 and 1982

The amended complaint fails to state a claim under §§ 1981 and 1982 because Plaintiff alleges no facts to suggest that he was discriminated against because of his race.  (ECF No. 4.) Section 1981 protects an individual's right "to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (citing 42 U.S.C. § 1981(a)). Section 1982 is "similar . . . except that it focuse[s] . . . [on] rights related to the ownership of property." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008).  To state a claim under either statute, the plaintiff must show that he "is a member of a racial minority" and that "the defendant acted with an intent to discriminate against [him] on the basis of race." *Chang v. Coosaw Partners, LLC*, No. 2:15-cv-02023-RMG-MGB, 2016 WL 7507843, at *3 (D.S.C. Feb. 16, 2016) (quoting *Habash v. City of Salisbury*, 618 F. Supp. 2d 434, 442 (D. Md. 2009)), *adopted by* 2016 WL 7636899 (D.S.C. Mar. 11, 2016).  Plaintiff never mentions his race in the amended complaint, nor does he allege that Defendants instituted eviction proceedings or otherwise discriminated against

him based on his race. (ECF No. 4.) As such, the amended complaint fails to state a claim under either § 1981 or § 1982.

### 2. *§ 1983 and Federal Constitutional Claims*

The amended complaint fails to state a § 1983 or federal constitutional claim because it does not allege governmental action. (ECF No. 4.) To state a claim under §1983, the plaintiff must allege the deprivation of a federal right that was caused by "a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). Where, as here, the claimed deprivation is allegedly committed by private actors, the state must "so dominate[]" the private actors' conduct as to render that conduct "fairly attributable to the State." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (emphasis deleted). "Stated otherwise, to be sued under § 1983, a defendant 'must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that [it] is engaged in the state's actions.'" *Cox v. Duke Energy Inc.*, 876 F.3d 625, 632 (4th Cir. 2017) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)).

Plaintiff does not allege such a relationship in the amended complaint, which asserts only that Defendants filed a lawsuit to evict him from his apartment and that he and two others complained about blocked vents but the complaints "go undone." (ECF No. 4 at 2–3.) There are no allegations that Defendants instituted the eviction proceedings or failed to respond to Plaintiff's complaints at the behest of or in conjunction with state actors. (*See id.*) "[M]erely private conduct, no matter how discriminatory or wrongful, fails to qualify as state action." *Philips*, 572 F.3d at 181 (internal quotation marks omitted). As such, the amended complaint fails to state a claim under § 1983.

Further, to the extent Plaintiff attempts to make stand-alone federal constitutional claims, such claims also require the presence of governmental action. *See Harding v. Kellam*, 155 F.3d 559 (4th Cir. 1998) (table), 1998 WL 406866, at *6 (citing *West v. Atkins*, 487 U.S. 42, 49 (1988); *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 (1987)). Accordingly, the amended complaint also fails to state a stand-alone constitutional claim.

   3. *§§ 1985 and 1986*

The amended complaint fails to state a claim under §§ 1985 and 1986 because the class to which Plaintiff alleges he belongs falls outside the scope of classes protected by § 1985 and because Plaintiff fails to allege Defendants' agreement to conspire against him. (ECF No. 4.) Although Plaintiff purports to bring his § 1985 claims under all three subsections of the statute (*id.* at 1), only § 1985(3) could possibly apply to the facts alleged in the amended complaint. Section 1985(1) governs conspiracies to prevent a federal officer from performing his or her duties, and Plaintiff has not alleged any facts about a federal officer. (ECF No. 4.) Section 1985(2) covers conspiracies to interfere with court proceedings, but Plaintiff alleges that Defendants instituted court proceedings against him, not that they conspired to intimidate a witness or juror in those proceedings. (ECF No. 4.)

Section 1985(3), by contrast, applies to conspiracies to engage in "class-based" discrimination to "deprive the plaintiff of the equal enjoyment of rights secured by the law to all." *Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). However, "disabled veterans," the class to which Plaintiff alleges he belongs (ECF No. 4 at 3), are not protected under the statute. *Cloaninger v. McDevitt*, No. 1:06-cv-00135, 2006 WL 2570586, at *6–*7 (W.D.N.C. Sept. 3, 2006) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 836 (1983); *Harrison v. KVAT Tool Mgmt.,*

*Inc.*, 766 F.2d 155, 161–62 (4th Cir. 1985); *Wilhelm v. Cont'l Title Co.*, 720 F.2d 1173, 1177 (10th Cir. 1984)); *see Batiste v. Fed. Bureau of Prisons*, No. 5:13-cv-13565, 2013 WL 6589878, at *3 n.3 (S.D.W. Va. Dec. 16, 2013) ("[E]veryone belongs to a protected class based on their race, gender, or national origin . . . ."). As such, Plaintiff has no claim under § 1985(3) based on his status as a disabled veteran.

Even assuming that the statute protects disabled veterans, to state a claim under § 1985(3), "the plaintiff must show a meeting of the minds by the defendants to violate the plaintiff's constitutional rights." *Society Without a Name*, 655 F.3d at 346 (alterations and internal quotation marks omitted). Plaintiff pleads no facts—not even the conclusory statement that Defendants conspired to deprive him of his rights—to suggest that Defendants agreed to take some action in concert. (*See* ECF No. 4.) Therefore, the amended complaint fails to state a claim under § 1985. And because a § 1986 claim is derivative of a §1985 claim, *Koom v. Lacey Twp.*, 78 F. App'x 199, 208 (3d Cir. 2003) (citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993); *Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985)); *Burcher v. McCauley*, 871 F. Supp. 864, 869 n.4 (E.D. Va. 1994), Plaintiff likewise fails to state a claim under § 1986.

  B. ADA and Rehabilitation Act Claims

    1. ADA

The amended complaint fails to state an ADA claim because a privately owned, residential apartment is not a "public accommodation" covered by the ADA. The ADA prohibits disability discrimination in "transportation, public accommodations, telecommunications, and employment." *United States v. S. Mgmt. Corp.*, 955 F.2d 914, 922 (4th Cir. 1992.) Plaintiff's allegations that Defendants failed to respond to his complaints about his apartment conditions and

brought an action to evict him are clearly unrelated to transportation, telecommunications, and employment. (*See* ECF No. 4.)

With respect to public accommodations, the ADA prohibits discrimination "on the basis of disability" that interferes with a disabled individual's right to "the full and equal enjoyment" of certain public spaces. *J.D.* ex rel. *Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (quoting 42 U.S.C. § 12182(a)). The ADA defines "public accommodations" as "private entities . . . affecting commerce," such as schools, museums, hotels, theaters, banks, doctor's offices, amusement parks, and bowling alleys. 42 U.S.C. § 12181(7). A residential apartment like the one Defendants are alleged to rent to Plaintiff does not fall within this definition. *Reeves v. Hampton Forest Apartments*, No. 6:16-715-HMH-KFM, 2017 WL 326020, at *5 (D.S.C. Jan. 5, 2017), *adopted by* 2017 WL 282397 (D.S.C. Jan. 23, 2017); *Hardaway v. Equity Residential Mgmt., LLC*, No. DKC 11-1924, 2012 WL 3903489, at *5 (D. Md. Sept. 6, 2012). Accordingly, the amended complaint does not state a claim for disability discrimination under the ADA.

    *2. Rehabilitation Act*

The amended complaint fails to state a claim under the Rehabilitation Act because Plaintiff does not allege that Defendants received a federal subsidy. (ECF No. 4.) Section 504, the only Rehabilitation Act provision applicable to private entities like Defendants, "prohibits discrimination against the disabled by recipients of federal funding." *Barnes v. Gorman*, 536 U.S. 181, 184–85 (2002) (citing 29 U.S.C. § 794(b)(3)). An entity receives "federal financial assistance" under the meaning of the statute "when it receives a subsidy, as opposed to compensation." *Jarboe v. Md. Dep't of Pub. Safety & Corr. Servs.*, No. ELH-12-572, 2013 WL 1010357, at *4 (D. Md. March 13, 2013); *see Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 421 (4th Cir. 2005) (explaining meaning of "federal financial assistance" in Title VI context); *Jarno v.*

*Lewis*, 256 F. Supp. 2d 499, 504 (E.D. Va. 2003) ("[T]he term 'federal financial assistance' should be given its plain and ordinary meaning, that is, aid provided to assist rather than to compensate for services rendered."); *see also Rogers v. Bd. of Educ. of Prince George's Cty.*, 859 F. Supp. 2d 742, 750 n.6 (D. Md. 2012) ("Courts interpret § 504 of the [Rehabilitation Act], which closely parallels the language of § 601 of Title VI, in a similar way.").

The amended complaint includes no allegations that Defendants receive a subsidy from the federal government. (*See* ECF No. 4.) Plaintiff does allege that he pays his rent with his social security benefits (*id.* at 2); however, such a payment does not reflect the "quid pro quo" contemplated by § 504's federal funding requirement. *See U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986) ("Congress imposes the obligations of § 504 upon those who are in a position to accept or reject those obligations [not to discriminate against disabled persons] as part of the decision whether or not to 'receive' federal funds."). As such, Defendants are not recipients of "federal financial assistance" who may be sued under the Rehabilitation Act. *See* 29 U.S.C. § 794(a). Plaintiff's amended complaint thus fails to state a Rehabilitation Act claim against them.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the presiding District Judge **DISMISS** Plaintiff's amended complaint (ECF No. 4) for failure to state a claim upon which relief may be granted.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (mailing)

from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to Chief Judge Johnston and the undersigned Magistrate Judge.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

ENTER: September 17, 2019

_____
Dwane L. Tinsley
United States Magistrate Judge